# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**In Re: Confidential Information During
Pretrial Proceedings.**

**Case No:   6:18-mc-21-Orl-GJK**

---

## STANDING ORDER REGARDING CONFIDENTIAL INFORMATION

This Order applies to confidential information of all types during pretrial proceedings.[1]  To establish an orderly and efficient procedure for the management of confidential information during pretrial proceedings, it is **ORDERED** that the parties shall adhere to the following procedures, unless and until superseded by another order:

Ordinarily, initial discovery involves the greatest amount of confidential information; as the case progresses, only a small subset of such information is ultimately used at trial. On occasion, counsel has difficulty managing confidential information in the early stages of litigation, which can unnecessarily delay the progress of the case. Discovery should not be delayed due to issues regarding confidential information. This Order is intended to facilitate prompt, efficient, and cost-effective management of confidential information during pretrial proceedings.

### A.  Confidential Information

Some cases necessarily involve information that is not privileged or work-product protected from discovery, but that one party does not wish to have disclosed at large. Such cases

---

[1] This Order specifically addresses information that the parties claim is confidential, but not necessarily privileged, such as financial or employment records. For information regarding procedures for privileged items, see the undersigned's Standing Order Regarding Privileged or Protected Information, No. 6:18-mc-20-Orl-GJK, which governs the procedure regarding asserting privileges in all cases and can be found at http://www.flmd.uscourts.gov/judicialInfo/Orlando/JgKelly.htm.

require counsel to engage in candid communication and work together with the goal of managing such information during pretrial proceedings. The parties are encouraged to enter into a written confidentiality agreement governing their discovery process, which can prevent the need for a protective order and is the most efficient means of initially addressing confidential information.[2] In this division, parties routinely enter into written confidentiality agreements that govern confidential information throughout the discovery process. If the parties enter into a confidentiality agreement, but a motion for protective order later becomes necessary, the Court will be able to focus on more narrow issues in ruling on the motion. During their Federal Rule of Civil Procedure 16 conference, the parties should discuss whether a confidentiality agreement would be beneficial.[3] A model confidentiality agreement that may be a helpful starting point for drafting an appropriate agreement is attached to this Order as Exhibit A.

In most cases, only a small portion of the information exchanged between the parties is truly confidential, and the parties should tailor their confidentiality designations so as to protect only that information. There are some cases that involve information that is so closely guarded that it would be appropriate to designate some limited information as being restricted to "attorneys' eyes only," but those are extremely rare and the type of information falling within such a designation must be narrowly tailored to avoid hampering the use of information not warranting such a restriction.

---

[2] Moving for a protective order is more labor intensive due to the factual support and legal analysis required in the briefing; a confidentiality agreement can alleviate this work, and thus is both economically and efficiently beneficial to the clients and the Court.

[3] The Court cannot compel the parties to enter into a confidentiality agreement. If a party unreasonably opposes protecting confidential information or, conversely, claims protection, then the Court may impose an award of attorney's fees and costs against the offending party or counsel pursuant to Federal Rule of Civil Procedure 37(a)(5).

If a party seeks to protect information, communications or documents, or portions thereof, from discovery because the information is confidential ("Confidential Information"), the party withholding the Confidential Information (the "Withholding Party") shall first engage in a conference with the party seeking the Confidential Information (the "Seeking Party") to resolve any disputes without court intervention. *See* Fed. R. Civ. P. 26(c)(1); Local Rule 3.01(g). Counsel shall meet in person to have a genuine, candid, efficient, professional, and detailed discussion that defines and narrows the specific issues as to each item of Confidential Information. During the meeting, counsel for both parties should have a detailed factual discussion in an attempt to define, narrow, and resolve the issues regarding whether the Confidential Information should be protected during discovery, and, if so, the scope of such protection.

In short, counsel for both sides must work together to candidly exchange their positions, thoughts, and facts to see if they can come to a compromise or, if not, at least agree to narrowly define the issues and relevant facts as to each item or category of information in dispute. Failing to engage in that dialogue is not an option. The parties cannot present generalized arguments about whether or not all of the Confidential Information is protected. Nor can they request an in camera review simply because much work would need to be done before the parties could provide a proper record for the Court to decide such important issues without error.

If the conference is not successful, then the Withholding Party shall file a motion for protective order that complies with this Order on the same date as the responses to the written discovery requests in which the Confidential Information is withheld are due.[4] Fed. R. Civ. P. 26(c); Middle District Discovery (2015) at (VI)(A)(1).

---

[4] The Withholding Party generally has superior knowledge regarding the information at issue, and thus is typically the party in the best position to file the motion regarding the Confidential Information. Of course, there may be instances where a deposition must be taken to adequately develop the issues. In that event, the Seeking Party should

## B.  Motions for Protective Order

If the parties are unable to resolve disputes regarding Confidential Information without court intervention, then the Withholding Party must file a motion for a protective order within fourteen days after the good faith conference. Under Rule 26(c)(1), a party moving for a protective order must show that good cause exists for the court to issue such an order "protect[ing] a party or person from annoyance, embarrassment, oppression, or undue burden or expense." In addition to finding good cause, the court must also be satisfied that, on balance, the interests of the party seeking the protective order outweigh the interests of the opposing party. *McCarthy v. Barnett Bank of Polk Cty.*, 876 F.2d 89, 91 (11th Cir. 1989). The moving party bears the burden of demonstrating a protective order is warranted, and thus is the appropriate party to bring the motion. *Ekokotu v. Fed. Exp. Corp.*, 408 F. App'x 331, 336 (11th Cir. 2011).[5] The undersigned will refrain from entering blanket protective orders providing that any information the parties designate as confidential will be protected.

The motion for protective order shall include a log containing the following information:

    a.  The name and job title or capacity of the provider or author of the Confidential Information;

    b.  The name and job title or capacity of each known or believed recipient of the Confidential Information;

    c.  The date the Confidential Information was learned or prepared and, if different, the dates on which it was sent to or shared with persons other than its providers or authors;

    d.  The title or description of the Confidential Information;

    e.  The subject matter addressed in the Confidential Information;

---

proceed to take the deposition so the Court will have an adequate record to resolve any factual disputes. Should it be necessary, the Court will hold an evidentiary hearing.

[5] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

    f.   The purposes for which the Confidential Information was prepared or communicated;

    g.   The degree of confidentiality with which the Confidential Information was treated at the time of its creation and transmission, and since;

    h.   The specific discovery requests to which each item of Confidential Information is responsive; and

    i.   The specific basis for the claim that the Confidential Information is protected from discovery.[6]

With respect to protections from discovery asserted during depositions, the information required in the log shall be stated on the record at the time the objection to disclosure of the information is made.

      The motion for protective order must also include an appendix with affidavits or other evidence upon which the party relies to support the claimed protection as well as a supporting memorandum of law. *CSX Transp., Inc., v. Admiral Ins. Co.*, Case No. 93-132-CIV-J-10, 1995 WL 855421, at *1, 5 (M.D. Fla. July 20, 1995). The appendix shall be organized so the evidence submitted in support of the claimed protection is correlated with the information to which the evidence applies. The motion, log, and appendix must be sufficient to establish a prima facie case to support the protection for each disputed piece of Confidential Information. The Court will only issue a protective order when the movant demonstrates, through affidavit or testimony, that a specific harm would result from disclosure or loss of confidentiality. *Dovin v. Nair & Co.*, No: 2:08-cv-104-FtM-29SPC, 2009 WL 10670056, at *1 (M.D. Fla. Jun. 30, 2009). Furthermore, generalized concerns, conclusory statements, or unsupported contentions are not sufficient reasons for entry of a protective order. *Id.*; *see also United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th

---

[6] The Court is *not* requiring the Withholding Party to disclose the contents of any confidential matter on the log.

Cir. 1978) (noting that a showing of good cause "contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.").[7]

No party may submit documents for the Court's in camera review, unless the Court issues a subsequent order requesting such submissions. Only after the Withholding Party files a motion for protective order will the Court decide whether and to what extent an in camera review of the documents is appropriate. *See generally United States v. Zolin*, 491 U.S. 554, 572 (1989) (finding that "[b]efore engaging in in camera review to determine the applicability of the crime-fraud exception[,]" the court should require a sufficient basis that an in camera review may reveal evidence establishing that the exception applies); *CSX Transp. Inc.*, No. 93-132-CIV-J-10, 1995 WL 855421, at *5 ("Where there is a sufficient evidentiary showing that an issue exists regarding the application of a privilege, the court must utilize its own discretion and determine whether in camera review is appropriate under the circumstances presented.").

In response to the motion for protective order, the Seeking Party shall state with particularity the factual and legal basis why each assertion of protection should be overruled. The response may also include an appendix with affidavits or other evidence upon which the Seeking Party relies to refute each asserted protection as well as a supporting memorandum of law. The appendix shall be organized so the evidence is correlated with the information to which the evidence applies. The response and its supporting documents must be sufficient to contest the asserted protection for each disputed piece of Confidential Information. Just as generalized concerns, conclusory statements, and unsupported contentions are not sufficient reasons for entry of a protective order, they are not sufficient reasons to deny entry of a protective order if asserted

---

[7] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

in response to the motion. If the Withholding Party made a sufficient showing and the Seeking Party fails to address the assertion with particularity, the Court will uphold the assertion.

The Court expects strict adherence to this Order. If the Withholding Party fails to file a motion for protective order, then the Seeking Party may file a motion to compel. In the motion to compel, the Seeking Party shall specifically certify that the Withholding Party failed to file a motion for protective order as required by this Order, which necessitated filing the motion to compel. Failure to so certify will result in the denial of a motion to compel with respect to the assertions of protection from discovery.

**DONE** and **ORDERED** in Orlando, Florida on March 13, 2018.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

## MODEL CONFIDENTIALITY AGREEMENT

It is hereby agreed that the following restrictions and procedures shall apply to certain information, documents and excerpts from documents supplied by the parties to each other in response to discovery requests:

1.       Counsel for any party may designate any document, information contained in a document, information revealed in an interrogatory response or information revealed during a deposition as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." "Confidential" information or documents may be referred to collectively as "Confidential Information."

2.       Unless ordered by the Court, or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

3.       In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may then seek resolution by the Court. Nothing in this Agreement constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable law and Court rules.

4.       Information or documents designated as "Confidential" shall not be disclosed to any person, except:

        a.       The requesting party and counsel, including in-house counsel;

        b.       Counsel's employees assigned to and necessary to assist in the litigation;

EXHIBIT A

c.      Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

d.      Any people from whom testimony is taken or is to be taken in these actions, except that they may only be shown that Confidential Information during and in preparation for their testimony and may not retain the Confidential Information; and

e.      The Court (including any clerks, stenographers, or other people having access to any Confidential Information by virtue of their positions with the Court) or the jury at trial or as exhibits to motions.

5.      Prior to disclosing or displaying the Confidential Information to any person, counsel shall:

a.      inform the person of the confidential nature of the information or documents; and

b.      inform the person that use of the information or documents for any purpose other than this litigation is prohibited.

6.      The Confidential Information may be displayed to and discussed with the people identified in Paragraphs 4(c) and (d) only on the condition that prior to any such display or discussion, each shall be asked to sign an agreement to be bound by this Agreement in the form attached hereto as Exhibit A. In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

7.      The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or

information as Confidential Information provided that the material is designated pursuant to the

procedures set forth herein no later than fourteen days after the close of discovery or fourteen

days after the document or information is produced, whichever occurs later. If so designated, the

document or information shall thenceforth be treated as Confidential Information subject to all

the terms of this Agreement.

8.      Before filing any Confidential Information with the Court, the party seeking to

file the information may move for a protective order allowing the filing of redacted copies of the

documents containing Confidential Information on the public record and the sealed filing of

unredacted copies. If the party wishing to file Confidential Information is not the owner of the

Confidential Information, then the party wishing to file the Confidential Information may opt to

notify the owner of the Confidential Information of its intent to file specific documents fourteen

days prior to filing so that the owner can file a motion for protective order. All information

subject to confidential treatment in accordance with this Agreement that is filed with the Court,

and any pleadings, motions or other papers filed with the Court disclosing any Confidential

Information, shall be filed under seal to the extent permitted by law (including without limitation

any applicable court rules) and kept under seal until further order of the Court. To the extent the

Court requires any further act by the parties as a precondition to the filing of documents under

seal (beyond the submission of this Agreement), it shall be the obligation of the producing party

of the documents to be filed with the Court to satisfy any such precondition. Where possible,

only confidential portions of filings with the Court shall be filed under seal.

9.      At the conclusion of litigation, the Confidential Information and any copies

thereof shall be promptly (and in no event later than thirty days after entry of final judgment no

longer subject to appeal) returned to the producing party or certified as destroyed, except that the

parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential.

The foregoing is entirely without prejudice to the right of any party to apply to the Court for any order relating to Confidential Information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information. This Agreement may be enforced by either party and any violation may result in the Court imposing sanctions.

_____
Party

_____                    _____
Signature                                                                      Date

_____
Party

_____                    _____
Signature                                                                      Date